United States District Court
Southern District of Texas
**ENTERED**
September 23, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXANDER WILD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-17-2606 |
| | § | |
| ROBERT WAGER; WAGER COMPANY | § | |
| LLC d/b/a PROSCAPE LAWN AND | § | |
| LANDSCAPE SERVICES, LLC; JOSH | § | |
| DAVID RAMBY; RETHINK LOCAL LLC | § | |
| d/b/a HOUSTON MARKETING | § | |
| SOLUTIONS; and DOES 1 THROUGH 10, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending in this case that has been referred by the District Judge to the undersigned Magistrate Judge is Plaintiff's Motion for Partial Summary Judgment as to Defendants Josh David Ramby and Rethink Local, LLC (Document No. 26). Having considered Plaintiff's Motion for Summary Judgment, and notwithstanding the absence of a response to that motion, the Magistrate Judge RECOMMENDS that Plaintiff's Motion for Partial Summary Judgment be DENIED.

This is a copyright infringement case brought by Plaintiff Alexander Wild, a professional photographer and entomologist, against Defendants Robert Wager and Wager Company LLC d/b/a Proscape Lawn and Landscape Services LLC (referred to hereafter as "Wager Defendants") and Josh David Ramby ("Ramby") and Rethink Local LLC d/b/a Houston Marketing Solutions ("Rethink"), based on Defendants' unauthorized use of one of his copyrighted image of an invicta ant. Wild alleges in his First Amended Complaint that Defendants Ramby and Rethink were hired by the Wager Defendants to design a website for the Wager Defendants, and in so doing, placed on that

website, without permission or authorization, Wild's copyrighted image of an invicta ant. Wild asserts a claim against the Wager Defendants, and Defendants Ramby and Rethink for copyright infringement under 17 U.S.C. § 101 et seq. Defendants Ramby and Rethink filed a *pro se* Answer to Wild's First Amended Complaint (Document No. 18). Upon the expiration of the discovery period, Wild filed a Motion for Partial Summary Judgment, seeking summary judgment on his copyright claim as against Defendants Ramby and Rethink. Defendants Ramby and Rethink have not, to this date, filed a response to that Motion for Partial Summary Judgment. Despite the absence of a response, and despite Wild's reliance on Defendants Ramby's and Rethink's deemed admissions, Wild's Motion for Partial Summary Judgment was filed without the evidence made reference to in the Motion itself, Plaintiff's "Separate Statement of Undisputed Facts" or the Declaration of Matthew K. Higbee. In particular, while reference is made to Exhibits A-F as: (1) a true and correct copy of the copyrighted image at issue (Exhibit A); (2) a true and correct copy of Plaintiff's Registration certificate which covers the copyrighted image at issue (Exhibit B); (3) true and correct copies of the Requests for Admissions that were served (Exhibit C); (4) a true and correct copy of the search results for Rethink Local LLC obtained from the Texas Secretary of State (Exhibit D); (5) a true and correct copy of the ICANN WHOIS database registry results showing Defendants Ramby and Rethink Local LLC as the registrant organization for the website www.proscapeclearlake.com (Exhibit E); and (6) true and correct screenshots showing the infringing use of the image on the www.proscapeclearlake.com website (Exhibit F), none of those referenced exhibits have been filed and, consequently, none of that evidence is before the Court for consideration in connection with Plaintiff's Motion for Partial Summary Judgment. As such, Plaintiff has not shown his entitlement to summary judgment as against Defendants Ramby and

Rethink, and it is

RECOMMENDED that Plaintiff's Motion for Partial Summary Judgment as to Defendants Josh David Ramby and Rethink Local, LLC (Document No. 26) be DENIED, but without prejudice to that motion being re-filed with the referenced exhibits/evidence.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 20th day of September, 2019.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

3